**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:00-cr-00058-HDM-RAM |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| ROBERTO CARLOS RANGEL, | ) | |
| Defendant. | ) | |

On March 6, 2014, the defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (#258). The government responded (#264) and defendant replied (#265).

Defendant asserts the 147 month sentence imposed on him July 22, 2008, was based in part on a judicial fact-finding process held unconstitutional by the Supreme Court in *Alleyne v. United States*, 133 S.Ct. 2151, 186 L.Ed 2d 314 (2013). The government contends *Alleyne* is inapplicable to defendant's case.

The court finds defendant's sentence is not affected by the Supreme Court's finding in *Alleyne*. The length of the defendant's sentence was calculated based upon an agreement of the parties and not by the same sort of judicial fact-finding that was implicated in *Alleyne* and its progenitors. Accordingly, the motion is denied.

**Procedural History**

On April 12, 2000, the grand jury for the District of Nevada returned a multi-count indictment charging the defendant and

1

Humberto Magana Arias with violations of the Controlled Substances Act. Presentence Investigation Report at 3. On April 23, 2001, the defendant pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(VIII) as charged in a second superseding indictment. *Id.*

On June 17, 2001, while on pretrial release, the defendant removed his transmitter and left his residence. (#69). He was found in violation of his pretrial release conditions and a warrant was issued for his arrest on June 19, 2001. *Id.* He subsequently failed to appear for sentencing on July 30, 2001. (#76). At that time, the court confirmed a no-bail warrant for the arrest of defendant had been issued and remained in effect. *Id.* Law enforcement officials arrested the defendant on his pretrial release indictment on January 11, 2008, approximately six and a half years after he absconded. Presentence Investigation Report at 3-4.

At a June 17, 2008, status conference, the government and the defendant's counsel advised the court that a plea agreement had been reached, under the terms of which the defendant consented to a sentence of 147 months in exchange for a dismissal of case no. 3:01-cr-00120-HDM-RAM, where the defendant was charged with a violation of 18 U.S.C. §§ 3146(a)(1) and (b) - that he did knowingly fail to appear at his sentencing in this case. (#214 at 5:16-18). The defendant indicated he understood the recommended sentence at that time. *Id.* The defendant's agreement and consent were memorialized in a written stipulation signed by the defendant on June 30, 2008. In that agreement the defendant agreed to a

sentence of 147 months in this case in exchange for a dismissal of 3:01-cr-00120-HDM-RAM. (#200).

### *Alleyne* is not Applicable

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court determined any fact (other than the fact of a prior conviction) that increases the penalty for a crime beyond the prescribed statutory maximum sentence "is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne* at 2155. In *Alleyne*, the Court extended its analysis in *Apprendi* to facts that increase a mandatory minimum sentence.

*Alleyne* is distinguishable from the case before the court. The defendant in *Alleyne* was convicted of using or carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). *Id.* at 2155-2156. Section 924(c) provides for a five-year mandatory minimum sentence for any violation, but the minimum term is increased to seven years if the firearm was brandished, and to ten years if the firearm was discharged. *See* 18 U.S.C. § 924(c)(1)(A)(i)-(iii).

The jury in *Alleyne* made no finding as to whether the firearm he used was brandished, and Alleyne argued that imposition of the seven-year mandatory minimum sentence based on a finding by the district court of brandishing violated his Sixth Amendment right to a jury trial. *Alleyne* at 2156. The Supreme Court agreed, finding "[m]andatory minimum sentences increase the penalty for a crime" and "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id.* At 2155.

Thus, in *Alleyne*, the district court added an element that had not been considered by a jury. Here, under the terms of the plea

3

agreement, the defendant expressly consented to the enhancement in exchange for the government dismissing the charge of failure to appear. The defendant faced the possible consequence of imprisonment of not more than five years in case no. 3:01-cr-00120-HDM-RAM. He freely and voluntarily requested and consented to the imposition of a sentence of 147 months in this case to avoid an additional 60 month sentence on the failure to appear charge, as evidenced by his signed plea agreement on which he was fully canvassed by the court at the hearing on April 23, 2001. *See supra* at 2:18-3:2. *See also* #227.

In addition, the defendant freely and voluntarily waived his right to appeal. The parties incorporated the waiver element of the initial plea agreement. (#221 at 9:22-10:14). That provision holds that the defendant "knowingly and expressly waives his right to appeal any sentence to be imposed that is within the applicable sentencing guideline range contemplated by the parties into this agreement . . . ." (#61 at 5). The court imposed the sentence agreed to by the parties and therefore did not impose a sentence beyond the applicable sentencing guideline range.

**Conclusion**

Accordingly, and based on the foregoing, the defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is hereby **DENIED**.

**IT IS SO ORDERED.**

DATED: This 15th day of September, 2014.

_____
UNITED STATES DISTRICT JUDGE